UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JULY CITCHEU, CHRISTELLE LAURE TIENTCHEU, *Plaintiffs* | §<br>§<br>§<br>§ | |
| v. | §<br>§ | No.  1:25-CV-01442-DAE |
| TRAVIS COUNTY, TEXAS, SALLY HERNANDEZ, DR. ALEXANDER MEAGHER, *Defendants* | §<br>§<br>§<br>§<br>§ | |

**ORDER**

Before the Court is Defendants Travis County, Travis County Sheriff Sally Hernandez, and Alexander Meagher MD's ("Defendants") motion to stay discovery, Dkt. 19, and all related briefing.[1] Also before the Court is Plaintiffs July Citcheu and Christelle Laure Tientcheu's ("Plaintiffs") motion to compel supplemental Rule 26 disclosures and for sanctions, Dkt. 18, and all related briefing. As explained below, the Court will grant Defendants' motion to stay and deny Plaintiffs' motion to compel without prejudice.

In their motion to stay, Defendants ask the Court to stay discovery pending a ruling on their motion to dismiss, in which Hernandez and Meagher raise a qualified-

---

[1] Because Defendants raise new arguments pertaining to *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022), in their reply brief, the Court will grant Plaintiffs' motion to file a sur-reply, Dkt. 24. *Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770 (5th Cir. 2024) (noting that while sur-replies are ordinarily heavily disfavored, when a party raises new arguments or evidence for the first time in a reply, the district court "must either give the other party an opportunity to respond or decline to rely on the new arguments and evidence").

immunity defense, Dkt. 13. Dkt. 19, at 1-2. Plaintiffs opposed the motion, arguing that a stay is overbroad given Plaintiffs' narrow request for discovery into only Travis County records, policies, training materials, mortality reviews, comparable incidents, and decedent-specific custodial and medical records. Dkt. 21, at 2.

Qualified immunity is an immunity from suit rather than a mere defense to liability, so it is important to resolve "immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009) (internal citations and quotation marks omitted). Because "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery," district courts "may not permit discovery against the immunity-asserting defendants before [ruling] on their defense." *Bustillos v. El Paso Cnty. Hosp. Dist.*, 891 F.3d 214, 223 (5th Cir. 2018) (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)); *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022), *cert. denied*, 144 S. Ct. 73 (2023); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'").

Here, Plaintiffs argue Defendants are not entitled to a complete stay because Travis County cannot assert a qualified-immunity defense, and as such, should be subject to discovery. Dkt. 21, at 4. Plaintiffs do not oppose a stay of discovery as to Hernandez and Meagher, who can and do assert qualified-immunity defenses. *See* Dkts. 13; 21. As a compromise, Plaintiffs propose a bifurcated approach that permits discovery related to their municipal-liability claim but not as to any claims against

Hernandez and Meagher while the Court resolves the qualified-immunity issues. Dkt. 21, at 4-5.

The Fifth Circuit rejected Plaintiffs' same arguments in *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022). There, the Circuit vacated the district court's scheduling order permitting discovery as to the plaintiff's municipal-liability claim and staying discovery as to defendants asserting qualified immunity. *Id.* at 313. The plaintiff had noticed depositions as to the individual defendants based on her municipal-liability claim only. *Id.* Noting that *Ashcroft v. Iqbal*, 566 U.S. 662, 686 (2009), "ruled out even 'minimally intrusive discovery' against official defendants" before a qualified-immunity ruling, the Circuit concluded that allowing the limited depositions to proceed would "exacerbate[] the burdens of litigation" and that bifurcating discovery would "radically complicate the case." *Id.* at 313-14.

True, Plaintiffs have not noticed Hernandez and Meagher's depositions. But there is reason to believe even Plaintiffs' limited discovery into Travis County records, policies, training materials, mortality reviews, comparable incidents, and decedent-specific custodial and medical records would require Hernandez and Meagher to participate in the litigation, especially given their roles as Sheriff and County-employed physician, respectively. And because an important goal of qualified immunity is to reduce the heavy cost of litigation, the undersigned finds a complete stay of discovery is appropriate here.

Plaintiffs argue in their sur-reply that the Circuit in *Carswell* "had no occasion to address whether a municipality, which cannot assert qualified immunity, may

nonetheless obtain a stay of *Monell* discovery based solely on the qualified immunity assertions of individual defendants." Dkt. 25, at 2 (citing *Carswell*, 54 F.4th at 308-10). But while *Carswell* may have only involved individual defendants, the Circuit held that discovery on the plaintiff's *Monell* claim was nonetheless inappropriate before a qualified-immunity ruling, regardless of whether that discovery was directed at other defendants. *Carswell*, 54 F.4th at 313. Adopting *Iqbal*'s reasoning that discovery as to other defendants may not proceed pending a ruling on public officials' assertion of qualified immunity, the Circuit ruled out even "minimally intrusive discovery" as to those officials because of the likelihood that they would need to participate in *Monell* discovery involving other defendants. *Id.* (quoting *Iqbal*, 556 U.S. at 685-86). If the Court were to permit discovery as to the *Monell* claim against Travis County, the individual defendants asserting qualified-immunity defenses would likely need to participate in that discovery. *Carswell* prohibits that result. *See id.*

The Court also rejects Plaintiff's argument that its Rule 37 motion should be granted because it seeks only compliance with mandatory disclosures required by Rule 26(a)(2)(C), which "arise independently of any discovery request." Dkt. 25, at 2. First, whether a disclosure is mandatory has no bearing on whether it is part of discovery. Second, the burden to fulfill a Rule 26(a)(2)(C) requirement is a time-consuming and intrusive part of litigation that should not be imposed before a qualified-immunity ruling. Third, Plaintiffs cite no authority for their suggestion that

4

qualified immunity protects officials from merits discovery alone. *See Carswell*, 54 F.4th at 310 (noting qualified immunity is an immunity from suit).

Accordingly, **IT IS ORDERED** that Plaintiffs' motion to file a sur-reply, Dkt. 24, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' motion to stay, Dkt. 19, is **GRANTED**. Discovery in this case is **STAYED** pending the Court's resolution of Defendants' motion to dismiss.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to compel, Dkt. 18, is **DENIED** without prejudice.

SIGNED April 16, 2026.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE